JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:17-cv-02177-JLS-KES                                              Date: April 05, 2019
Title: MTC Financial Inc. dba Trustee Corps et al v. United States of America

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:
    Not Present                                                                       Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 25)**

    Before the Court is a Motion for Summary Judgment filed by Defendant-Claimant the United States of America ("the Government"). (Mot., Doc. 25.) Defendant-Claimant Kathy Cook opposed (Opp., Doc. 31) and the Government replied (Reply, Doc. 32). For the following reasons, the Court GRANTS the Government's Motion for Summary Judgment.

**I.  BACKGROUND**

    The facts in this case are undisputed. (*See* Stipulation of Facts, Doc. 24; Opp. at 2 ("The issues before this Court for determination do not surround any disputes between the parties' [*sic*] over the facts or evidence as presented in [the Government's] moving documents.").) On July 27, 2017, Plaintiff MTC Financial Inc. filed this interpleader action in Orange County Superior Court. (Statement of Undisputed Facts ("SUF") ¶ 1, Doc. 25-3.) MTC initiated this action to determine the rights of competing claimants to $114,422.31 in surplus funds ("the Surplus Funds") resulting from the non-judicial sale of 16622 Brigham Lane, Huntington Beach, California, pursuant to a deed of trust executed by Robert Douglass. (*Id.* ¶ 2.) On December 13, 2017, the Government removed the action to this Court. (*Id.* ¶ 3; Notice of Removal, Doc. 1.) There are three claimants to the Surplus Funds: Cook, Independent Electric Supply, Inc. ("IES"), and the Government.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-02177-JLS-KES                                        Date:  April 05, 2019
Title:  MTC Financial Inc. dba Trustee Corps et al v. United States of America

Cook's claim arises out of her divorce from Douglass.  In January 2001, Cook obtained a judgment providing for a $200,000 equalization payment from Douglass for her interest in R.L. Douglass Electric Inc.  (*Id.* ¶¶ 5–9; Stipulation of Facts ¶¶ 3–6.)  On October 14, 2004, Cook recorded an abstract of judgment with the Orange County Recorder.  (Stipulation of Facts ¶ 2.)  Douglass has made only one payment towards the liability – a $100,000 lump-sum payment in 2013.  (*Id.* ¶¶ 8–9.)  Cook has renewed neither the underlying judgment nor the abstract of judgment.  (*Id.* ¶10.)

On December 22, 2006, IES recorded an abstract of judgment against R.L. Douglass Electric and Douglass pursuant to a judgment that was entered on December 6, 2006.  (SUF ¶ 15.)  IES has not recorded a renewal of the judgment.  (*Id.* ¶ 16.)[1]

The Government recorded notices of federal tax liens against Douglass in July 2011, December 2012, and May 2014.  (*Id.* ¶¶ 42–44.)  The tax liens arise from trust-fund-recovery penalties assessed against Douglass for several quarters between 2008 and 2012, which were assessed on December 28, 2009, March 12, 2012, and March 17, 2014.  (*Id.* ¶¶ 17–40.)  As of November 27, 2018, the outstanding balance owed by Douglass was $440,587.  (*Id.* ¶ 41.)

## II.     **LEGAL STANDARD**

Summary judgment is proper "if the [moving party] shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "Unanswered requests for admissions may be relied on as the basis for granting summary judgment."  *Conlon v. U.S.*, 474 F.3d 616, 621 (9th Cir. 2007).

Here, the Government and Cook agree that there are no genuine disputes of material fact, and IES has not responded to the Government's requests for admission.

---

[1] IES did not oppose the Government's Motion, nor did it respond to the Government's requests for admission.  The requests are deemed admitted, *see* Fed. R. Civ. P. 36(a), and it appears that IES is no longer pursuing its claim in this action.  (*See* Ex. B to Notice of Motion, Doc. 25 (Notice by IES's counsel to the Government that he would "coordinate dismissal to be filed on behalf of IES").)  However, IES has not filed a formal voluntary dismissal of its claim.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-02177-JLS-KES                                                                 Date: April 05, 2019
Title: MTC Financial Inc. dba Trustee Corps et al v. United States of America

___

Accordingly, summary judgment is proper if the Government shows that it is entitled to the Surplus Funds as a matter of law.

### III. DISCUSSION

The Government argues that it is entitled to the Surplus Funds because its liens attached to all of Douglass's assets, and IES and Cook's judgment liens are no longer valid. (Mem. at 6–7.) The Government's liens attached to "all property and rights to property, whether real or personal" belonging to Douglass. *See* Internal Revenue Code § 6321. The Government has ten years from the date on which a penalty is assessed to collect and here, the earliest penalty was assessed on December 28, 2009. *See id.* § 6502. Thus, the Government's liens attached to the Surplus Funds and have not expired.

First, as to IES, the Court agrees with the Government and concludes that IES's judgment lien has expired. A judgment lien on real property is created by recording an abstract of judgment with the county recorder in the county in which the real property is located. Cal. Civ. Proc. Code § 697.310(a). Judgment liens are valid for ten years from the date on which the underlying judgment was entered and they can be renewed by recording a certified copy of an application for renewal of the judgment. *Id.* §§ 697.310(b), 683.180. IES obtained a judgment against Douglass on December 6, 2006, and recorded an abstract of that judgment on December 22, 2006. It did not record a renewal of the judgment. Thus, pursuant to § 697.310(b), IES's judgment lien expired on December 6, 2016, before the trustee's sale (January 23, 2017) and the commencement of this suit (July 27, 2017).

Second, as to Cook, the Court again agrees with the Government and concludes that Cook's judgment lien has expired. Section 291 of the California Family Code provides that a judgment entered under the Family Code is enforceable until it is paid in full or otherwise satisfied and need not be renewed to be enforced. *See* Cal. Fam. Code § 291(a)–(b). The meaning of this Family Code section is clear: the underlying *judgment* that Cook obtained against Douglass remains enforceable without renewal of the judgment. *See In re Marriage of Wilcox*, 124 Cal. App. 4th 492, 499–501 (2004). In other words, Douglass remains obligated to make the full equalization payment set forth

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-02177-JLS-KES                        Date: April 05, 2019
Title: MTC Financial Inc. dba Trustee Corps et al v. United States of America

in the judgment. However, the *judgment lien* is distinct from the judgment, and has expired for the same reasons the IES judgment lien expired. *See Safeco Ins. Co. of America v. County of San Bernardino*, Case No. EDCV 05-194-VAP(OPx), 2007 WL 9719254, at *2 (C.D. Cal. July 27, 2007) ("A judgment . . . is not a lien upon the property of the judgment debtor under California law." (quotation marks omitted)).

       Had Cook's judgment against Douglass been for child, family or support payments, the result would be different: California Code of Civil Procedure § 697.320 provides that liens on real property created by recording abstract judgments for child, family, or support payments do not expire until they are paid or otherwise satisfied. *See* Cal. Civ. Proc. Code § 697.320(b). Here, it is undisputed that § 697.320 does not apply because Cook's family law judgment was for equalization, not support. (*See* Stipulation of Facts ¶ 5.) That California Code of Civil Procedure § 697.320 provides that liens to collect on *support* judgments do not expire until they are satisfied supports the interpretation that not all liens created pursuant to Family Code § 291 judgments are valid until satisfied. *See Wilcox*, 124 Cal. App. 4th at 499 ("A maxim of statutory construction states that the expression of certain items in a statute necessarily involves exclusion of other things not expressed.")

       Indeed, in *Schelb v. Stein*, 190 Cal. App. 4th 1440 (2010), the California Court of Appeal held that "section 291 does not bar the expiration of an instrument securing a family law judgment." *Id.* at 1449; *see also id.* (noting that § 291 "addresses family law judgments and orders rather than any security instrument"). Cook's efforts to distinguish *Schelb* are unavailing. (*See* Opp. at 10–14.) Although she is correct that *Schelb* dealt with the expiration of a deed pursuant to the Marketable Record Title Act, the principle articulated by *Schelb* – that California Family Code § 291 does not bar the expiration of instruments securing family law judgments – is directly applicable to this case.

### IV. CONCLUSION

       Pursuant to California Code of Civil Procedure § 697.310(b), the judgment liens of creditors IES and Cook expired ten years after their respective judgments were entered.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-02177-JLS-KES                               Date:  April 05, 2019

Title:  MTC Financial Inc. dba Trustee Corps et al v. United States of America

Accordingly, the Government is entitled to the Surplus Funds, and the Court GRANTS the Government's Motion for Summary Judgment.

Initials of Preparer:  tg